IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-104-FL-1
NO. 5:22-CV-191-FL

| | | |
|---|---|---|
| SHAWN ANTONIO MCNEILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 51), as amended (DE 73), and respondent's motion to dismiss (DE 58). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II entered memorandum and recommendation ("M&R") (DE 96), wherein it is recommended that the court dismiss petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

### BACKGROUND

Petitioner pleaded guilty January 19, 2021, pursuant to a written plea agreement, to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. The court sentenced petitioner June 8, 2021, to a term of 115 months imprisonment with three years of supervised release.[1] Petitioner did not appeal.

---

[1] At sentencing, the court imposed four mandatory conditions and thirteen standard conditions of supervised release. In addition, the court imposed four special discretionary conditions as part of petitioner's supervised release including

Petitioner filed the instant motion to vacate on May 11, 2022, asserting that counsel was ineffective in withdrawing a motion to suppress and failing to appeal petitioner's sentence. Petitioner added two claims in the amended motion to vacate filed January 13, 2023, arguing that the court miscalculated petitioner's base offense level by counting petitioner's two state court felony convictions as "controlled substance offenses," and failed to explain why it imposed discretionary financial conditions on petitioner's supervised release. The government argues in its motion to dismiss filed August 19, 2022, that the collateral attack waiver in petitioner's plea agreement bars challenges to petitioner's sentence, that petitioner procedurally defaulted on his claims, and, ultimately, petitioner fails to state a claim upon which relief can be granted.

The magistrate judge held an evidentiary hearing on petitioner's four claims March 14, 2023, at which the court heard testimony from petitioner and petitioner's first counsel William F. Finn, Jr. ("Finn"). In the M&R entered June 23, 2023, the magistrate judge recommends dismissal of petitioner's ineffective assistance of counsel claims on the basis that petitioner instructed counsel to withdraw the motion to suppress and did not explicitly ask counsel to appeal. The magistrate judge recommends dismissal of the advisory guidelines claim on the basis that the argument is not cognizable on § 2255 review and recommends the same of the supervised release conditions claim on grounds that petitioner could have raised it on direct appeal. Petitioner thereafter filed objections to the M&R.

---

that petitioner is "not to open up any new credit accounts or incur any credit charges without the approval of [his] probation officer" and petitioner is to "provide the officer with access to any requested financial information." (Sentencing Tr. (DE 50) at 8:19–24). The court also imposed two other special conditions that petitioner is to consent to warrantless searches and participate in a probation-approved program for substance abuse treatment. (Id. at 8:4–5, 19). Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

2

**DISCUSSION**

A.      Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

The magistrate judge thoroughly and cogently addressed the reasons for dismissal of the instant petition. The magistrate judge correctly determined that petitioner's ineffective assistance of counsel claims lacked merit in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678–88 (1984). The magistrate judge also correctly determined that petitioner's advisory guidelines challenge is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 942 (4th Cir. 2015) ("The language of § 2255(a) demonstrates that collateral review is available for defects of a constitutional magnitude and other defects that are equally fundamental[.]"); see also United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) ("We join our sister circuits in holding that a misapplication of the guidelines typically does not constitute a miscarriage of justice."). Additionally, petitioner's claim that the court erred in its oral pronouncement of discretionary financial conditions is procedurally defaulted, and petitioner has not shown an exception to such default. See Massarro v. United States, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.").

Upon review of the claims asserted and the record in this case, the court adopts the findings and recommendation in the M&R.[2] The court writes separately to address petitioner's assertion of errors in the analysis of the M&R.

Petitioner objects to the M&R's finding that Finn did not provide ineffective assistance by withdrawing the motion to suppress. To state a claim for ineffective assistance of counsel a

---

[2] Where petitioner does not raise specific objections regarding claims of ineffective assistance of counsel for failure to file an appeal, the court's misapplication of the advisory guidelines, and the court's failure to adequately pronounce the financial conditions on petitioner's supervised release, the court reviews the magistrate judge's treatment of such claims for clear error. Finding none, the court adopts the recommendation of the magistrate judge concerning such claims.

4

petitioner must show 1) "that counsel's representation fell below an objective standard of reasonableness"; and 2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

On August 31, 2020, at the direction of petitioner, Finn filed a motion to suppress the evidence gathered at an October 2018 traffic stop. (See DE 19). Over the following weeks, however, Finn advised petitioner that the government was considering filing a superseding indictment with additional charges against petitioner. (Evid. Hr'g Tr. (DE 91) at 56:20–24). Despite petitioner's interest in proceeding with the motion to suppress, petitioner ultimately directed Finn to withdraw the motion and pursue a plea agreement with the government. (Id. at 57:12–22). Finn withdrew the motion to suppress September 21, 2020. (See DE 22). "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." Strickland, 466 U.S. at 691. At bottom, petitioner has not demonstrated that Finn "fell below an objective standard of reasonableness" in following petitioner's direction to withdraw the motion to suppress. Strickland, 466 U.S. at 688.

In any event, petitioner faces procedural hurdles in asserting this claim. Petitioner agreed to waive "any right to contest the conviction or sentence in any post-conviction proceeding,

5

including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel . . . <u>not known to the [d]efendant at the time of the [d]efendant's guilty plea</u>." (Plea Agreement (DE 43) at ¶ 2(c)) (emphasis added). Petitioner's waiver comports with applicable law because it excludes "errors that the defendant[ ] could not have reasonably contemplated when the plea agreement[ ] w[as] executed." <u>United States v. Blick</u>, 408 F.3d 162, 172 (4th Cir. 2005). Thus, the magistrate judge correctly determined that the collateral-attack waiver bars the alleged instance of ineffective assistance of counsel that petitioner knew of when he pleaded guilty. (<u>See</u> DE 96 at 8).

Petitioner also raises in his objections a challenge to the validity of the written plea agreement with the government. (<u>See</u> DE 100 at 2 ("[P]etitioner contends . . . whether or not [p]etitioner waived his appeal rights knowingly and willingly.")). Petitioner effectively proffers a new ineffective assistance of counsel claim unasserted in petitioner's motion to vacate or amended motion to vacate, and therefore unaddressed by the M&R. (<u>See</u> DE 51, DE 73, DE 96). Petitioner's prior ineffective assistance of counsel claims challenge Finn's withdrawal of the motion to suppress and Finn's failure to appeal. Petitioner's new claim attacks Finn's advisement that petitioner sign the plea agreement with the government. (<u>See</u> DE 100 at 3 ("[Finn] still advised [petitioner] to sign an appeal waiver which would foreclose any chance [petitioner] might have to challenge the violation of his constitutional rights.")). Therefore, petitioner asserts that petitioner's waiver of appeal rights, under the terms of the plea agreement, was not made "knowingly and willingly." (<u>Id.</u> at 2).

Petitioner's objection to the circumstances of the plea agreement, and the waiver therein, presents a threshold question as to this court's obligation to review the objection. "[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is

6

required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (emphasis added). However, the court has no obligation to hear novel claims or issues in objections to M&R. See Samples v. Ballard, 860 F.3d 266, 275 (4th Cir. 2017) ("[T]here was no obligation for the district court to hear either of the new claims made by Samples in his objections to the PF&R."). Samples determined that George applied in the habeas context and set forth an analytical framework: "(1) the legal case is the habeas petition; (2) the issues or claims are the asserted grounds for relief; and (3) the arguments are whatever position is taken in support of or against each asserted ground for relief." Id. at 273 (alteration in original).

In the instant objection, petitioner asserts discrete facts to support his new plea agreement claim. (See DE 100 at 2 ("[Finn] persisted in advising [petitioner] to sign an appeal waiver[.]")). In the motion to vacate and the amended motion to vacate, petitioner claimed ineffective assistance of counsel based on Finn's failure to pursue a motion to suppress and failure to appeal. (See DE 51-1 at 4 ("[Finn] failed to challenge the unconstitutional nature of the officer's actions."); see also DE 74 at 1 ("[Finn] failed to file a direct appeal.")). As a matter of substance, the new plea agreement claim suggests that petitioner was not made aware of the ramifications of pleading guilty or was inappropriately pressured into signing the agreement.[3] Therefore, petitioner's additional ineffective assistance of counsel claim based on petitioner's plea agreement presents a novel ground for relief. See Samples, 860 F.3d at 275 ("Samples's express reliance on these four claims of ineffective assistance of counsel are to the exclusion of other claims of ineffective assistance of counsel."). This court declines to review petitioner's new ineffective assistance of

---

[3] For reasons stated, this court does not take up petitioner's new ineffective assistance of counsel claim de novo. However, the court notes also that the claim is not supported by the record of the arraignment. (See, e.g., Arraignment Tr. (DE 69) at 20:3–21).

7

counsel claim for doing so "would result in an end run around AEDPA, and is not what our case law intends." Id.

In sum, for these reasons and the reasons set forth in the M&R, petitioner's claims fail as a matter of law and must be dismissed.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 96). Petitioner's motion to vacate, set aside, or correct sentence (DE 51), as amended (DE 73), is DENIED, and respondent's motion to dismiss (DE 58) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of October, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge